**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KENNETH MOATS, SR.,**

      **Plaintiff,**

**v.**                           **//**         **CIVIL ACTION NO. 1:13CV152**

**MONONGALIA COUNTY, and**
**WEST VIRGINIA DEPARTMENT**
**OF TRANSPORTATION, DIVISION**
**OF HIGHWAYS**

      **Defendants.**

**<u>REPORT AND RECOMMENDATION/OPINION</u>**

Pending before the Court is Defendant West Virginia Department of Transportation, Division of Highways, Monongalia County's[1] "Motion to Dismiss" filed on June 26, 2013 [DE 10]. Plaintiff filed a Response to the Motion on July 1, 2013 [DE 12], and a second Response subsequent to his provided a <u>Roseboro</u> Notice from this Court [DE 15]. Having examining the record, the undersigned has determined and respectfully recommends that Defendant's Motion to Dismiss should be granted and the case as against any and all defendants be dismissed.

Plaintiff, *pro se*, filed his Complaint against Defendants on May 31, 2013 [DE 1] and paid the filing fee of $400.00 that same date [DE 2]. The Clerk issued a Summons to Plaintiff for service on May 31, 2013 [DE 3]. The Summons, filled out by Plaintiff, named Monongalia County and West Virginia Department of Highway (sic) as defendants. It was, however, addressed to Defendant as: Neal Jay Hamilton, 902 Locust Ave., Fairmont, WV 26555-0509. The Summons was served on Mr. Hamilton by Certified Mail [DE 6]. Defendant filed its Motion to Dismiss for improper

---

[1]The undersigned believes that Plaintiff meant Monongalia County to be a separate defendant.

service on June 26, 2013 [DE 10]. All motions in the case were referred to the undersigned United States Magistrate Judge on June 25, 2013 [DE 8]. On July 1, 2013, Plaintiff filed his Response to the Motion to Dismiss [DE 12]. Despite Plaintiff having already filed a response, the Court, in order to provide him another opportunity to address the actual argument in the motion, entered and provided him with a Roseboro Notice on July 17, 2013 [DE 14]. That Notice advised Plaintiff of the Motion to Dismiss and of his right to file responsive material. The Notice also advised Plaintiff that failure to so respond might result in the dismissal of his case. On July 23, 2013, Plaintiff filed what he identified as a "responce (sic) to John S Hall (sic) decision to dismiss this case without a court hearing . . . ."

In its Motion Defendant moves the Court to dismiss Plaintiff's case against it because service upon it was improper and ineffective. Defendant asserts that Mr. Hamilton had only been engaged by Defendant as counsel in the underlying State condemnation case against Plaintiff and had no authority to accept service on its behalf.

When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the plaintiff has the burden of establishing that service of process has been effectuated in conformity with Fed. R. Civ. Pro. 4. When it is evidenced that a party has failed to accomplish service of process pursuant to Rule 4, dismissal is in order. Fed.R.Civ. Pro. 4(j)(2) states how a party must serve a Summons and Complaint upon a state, a municipal corporation, or any other state-created governmental organization as follows:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> >
> > (B) serving a copy of each in the manner prescribed by that state's law for

serving a summons or like process on such a defendant.

Defendant represents that its chief executive officer is the Secretary of Transportation/Commissioner of Highways, Paul. A. Mattox, Jr., who was not served with the Summons and Complaint. Nor was the defendant served through the West Virginia Secretary of State, as prescribed by West Virginia Rule of Civil Procedure 4(d)(6).

Defendant argues that service upon it was improper and ineffective because Mr. Hamilton is not the chief executive officer of the defendant and has no authority to accept service on its behalf. The mere fact that a party is represented by counsel does not necessarily mean that the attorney has been authorized to accept service of process. See McClay & Mountain Top Reality, Inc. v. Mid-Atl. County Magazine, 190 W.Va. 42 (1993)(stating that a party's attorney is not necessarily empowered to accept service); see also Leach v. BB & T Corp., 232 F.R.D. 545 (N.D.W. Va. 2005)("[A] party does not waive [its] right to service of process whenever an attorney appears on [its] behalf.").

Based on the above, it is evident to the undersigned that Plaintiff did not comply with either the Federal Rules or the West Virginia Rules in attempting to serve Defendant, because Mr. Hamilton was not an attorney-in-fact authorized to accept service of process. The undersigned, therefore, finds that Plaintiff's attempted service on Mr. Hamilton did not effectuate service of process upon Defendant.

Significantly, in its Motion to Dismiss, Defendant expressly stated the procedure for proper service. Plaintiff need only have followed what amounted to an instructional guide to effectuate service on the defendant. Instead, in his Response to the Motion to Dismiss, he did not address the issue of service of process at all, but only re-stated his substantive arguments.

The Court, in an abundance of caution, provided Plaintiff with a Roseboro Notice, giving him

another opportunity to address the issue. Plaintiff responded on July 23, 2013, but again failed to address the issue of service of process.

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court - - on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff therefore had 120 days from the date the Complaint was filed (May 31, 2013) to properly serve the defendants. He has not done so. The undersigned notes that it does not appear Plaintiff even attempted to serve the other possible defendant, Monongalia County. Nor has he shown good cause for his failure to do so, despite having been given the opportunity. The undersigned therefore finds this action must be dismissed.

## RECOMMENDATION

Upon consideration of all of the above, the undersigned United States Magistrate Judge respectfully **RECOMMENDS** that the District Court **GRANT** Defendant West Virginia Department of Transportation/Division of Highways, Monongalia County's Motion to Dismiss [DE 10]. The undersigned further **RECOMMENDS** that this case be **DISMISSED** as to any and all defendants, without prejudice.

Any party may, within fourteen (14) calendar days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set

forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk for the United States District Court for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record and by Certified Mail, Return Receipt Requested, to Plaintiff *pro se.*

Respectfully submitted this 4th day of December, 2013.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE