```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KENNETH MOATS, SR.,**

    **Plaintiff,**

v.  //   CIVIL ACTION NO. 1:13CV152
             (Judge Keeley)

**MONONGALIA COUNTY, and
WEST VIRGINIA DEPARTMENT
OF TRANSPORTATION, DIVISION
OF HIGHWAYS**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21]

On April 15, 2013, the pro se plaintiff, Kenneth Moats ("Moats"), filed a complaint (dkt. no. 1) against Monongalia County and the West Virginia Department of Transportation, Division of Highways (the "WVDOT"). The Court referred the matter to United States Magistrate Judge John S. Kaull for a report and recommendation (dkt. no. 8). On June 26, 2013, the WVDOT filed a motion to dismiss (dkt. no. 10) based on improper service. Moats filed two responses on July 1, 2013 (dkt. no. 12) and July 23, 2013 (dkt. no. 15).

On December 4, 2013, Judge Kaull issued his opinion/report and recommendation ("R&R") (dkt. no. 21), recommending that the Court grant the WVDOT's motion to dismiss for improper service and dismiss the case as to all defendants without prejudice. The R&R also specifically warned Moats that his failure to object to the

**ORDER ADOPTING REPORT AND RECOMMENDATION**

recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. On December 12, 2013, Moats filed a series of documents (dkt. no. 23) relating to this case and cases he filed in other courts, including the United States Supreme Court. However, he did not file any objections to the R&R.[*]

The Court finds no clear error in the analysis of the R&R; however, the R&R incorrectly attributes the motion to dismiss to both defendants, even though Monongalia County did not join the motion or file its own. Notwithstanding the erroneous attribution, Magistrate Judge Kaull correctly points out that Moats never attempted to serve Monongalia County. Because Moats exceeded the 120-day window in which to do so, see Fed. R. Civ. P. 4(m), the Court finds the recommendation of dismissal without prejudice as to both defendants to be appropriate.

Accordingly, the Court **ADOPTS** the R&R, **GRANTS** the motion to dismiss, and **DISMISSES** the complaint **WITHOUT PREJUDICE** as to all the defendants.

It is so **ORDERED.**

---

[*] The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**MOATS V. MONONGALIA COUNTY, ET AL.**                          **1:13CV152**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

DATED: January 14, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE